O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALETA DAVIS, | ) | Case No. EDCV 15-01211 DDP (KKx) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE** |
| v. | ) | |
| CITY OF LOS ANGELES; CRAIG MARQUEZ, Detective; JOSEPH CHAVEZ, Detective; CHARLIE BECK, Chief; DICKSON, Detective, | ) | [Dkt. No. 14] |
| Defendants. | ) | |

Presently before the Court is Defendants City of Los Angeles, Detective Craig Marquez, Detective Joseph Chavez, and Chief Charlie Beck's (collectively, "Defendants") Motion for Judgment on the Pleadings. (Dkt. No. 14.) The motion was unopposed.

Noticed motions require the other parties in the case to file either (a) a brief in opposition to the motion or (b) a written statement of nonopposition. C.D. Cal. R. 7-9 (Opposing Papers). Local Rule 7-12 states that "[t]he failure to file any required document . . . may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12 (Failure to File Required

Documents).  Under Ninth Circuit precedent, a district court may dismiss a case for failing to follow local rules, such as failing to file an opposition.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  The court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (affirming a dismissal for lack of prosecution); see also Ghazali, 46 F.3d at 53 (applying the factors from Henderson to a dismissal for failure to oppose the government's motion to dismiss); Stewart v. City & Cnty. of San Francisco, No. C 08-5434 SBA, 2009 WL 1331101 (N.D. Cal. May 13, 2009) (applying local rules and the Henderson factors to dismiss a case on the government's unopposed motion for judgment on the pleadings).

 Here, Plaintiff has failed to oppose Defendants' Motion for Judgment on the Pleadings, which is a post-answer motion to dismiss under Federal Rule of Civil Procedure 12(c).  Thus, the Court's local rules would allow this Court to dismiss the case on the unopposed 12(c) motion, subject to the factors from Henderson.

 Both factors (1) the public's interest and (2) the court's need to control its docket favor dismissal here.  The public has a strong interest in expeditious resolution of litigation, particularly where the government is a litigant, as is the case here.  Further, the Court must manage its docket and spend its resources wisely.  Noncompliance with local rules and failure to prosecute a case cannot be ignored and resolved by the Court on its

own. See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

Additionally, this case is the exact same case as Plaintiff previously filed and failed to prosecute. (See Compl., dkt. no. 1, Davis v. City of Los Angeles, No. EDCV 14-01546 DDP; Order of Dismissal, dkt. no. 10, id.) Thus, this Court has already dealt with Plaintiff's failure to prosecute and follow court rules, and the Court is now expending more resources on the same litigation.

Factor (3) of prejudice to the defendant also weighs in favor of dismissal. This factor is examined in relation "to the strength of the Plaintiff's excuse for the default." Stewart, 2009 WL 1331101, *2 (citing Yourish, 191 F.3d at 991). Here, there is no excuse for the default. Plaintiff is represented by counsel and was served with Defendants' motion with plenty of time to oppose it or to inform the Court of a need for more time, or some other excuse. As no excuse was provided to the Court, the Court finds that further prosecution of this case would be prejudicial to Defendants.

Factor (4) favors disposition of cases on the merits by definition, and so weighs against dismissal. See Pagtalunan, 291 F.3d at 643.

Lastly, factor (5) of availability of alternative sanctions weighs in favor of dismissal. There are alternatives to deal with local rule violations and lack of prosecution. The Court can order compliance with the rules and sanction failures to comply. The Court can issue Orders to Show Cause and dismiss cases without prejudice. However, because the Court already attempted these less

3


1  drastic methods in Plaintiff's previous identical case to no avail,
2  the Court finds here that dismissal with prejudice is appropriate.
3      Based on the above reasoning, the Court finds that the balance
4  of the factors favors dismissal in this instance.  Therefore, the
5  Court GRANTS Defendants' Motion for Judgment on the Pleadings with
6  prejudice.

IT IS SO ORDERED.

Dated: December 15, 2015

DEAN D. PREGERSON
United States District Judge